[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10064
Non-Argument Calendar

_____

D.C. Docket Nos. 3:08-cr-00027-LC-EMT-1; 3:13-cr-00095-LC-EMT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT L IGNASIAK, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 14, 2021)

Before MARTIN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Robert L. Ignasiak, Jr., proceeding pro se, appeals the district court's denial

of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The

government moves for summary affirmance of the district court's order and for a

stay of the briefing schedule, arguing that the district court did not abuse its discretion in denying Ignasiak's motion. After careful review, we grant the government's motion for summary affirmance and affirm the district court's order.

## I.

Ignasiak is serving a 360-month sentence for healthcare fraud, dispensing controlled substances, and failure to appear for a jury trial. United States v. Ignasiak, 808 F. App'x 709, 712–13, 718 (11th Cir. 2020) (per curiam) (unpublished). In March 2020, Ignasiak submitted a written request to the warden of his prison facility for release or a reduction in his sentence due to COVID-19. The warden denied his request. In June 2020, Ignasiak sought compassionate release or a reduction of his sentence, arguing that (1) his medical conditions rendered him particularly vulnerable to COVID-19; and (2) the sentence imposed by the district court was excessive and the 18 U.S.C. § 3553(a) factors weighed in favor of his release.

The district court denied Ignasiak's motion. It first found that, based on Ignasiak's health conditions, he was "at a somewhat increased risk" of being infected with COVID-19, but that risk was not grave, and his health was otherwise stable. It then found even if Ignasiak's medical conditions were deemed sufficiently serious, the § 3553(a) factors weighed against release. In particular, the district court noted that Ignasiak had a history of evading responsibility for his

2

actions, both before trial when he faked his own death and absconded from pretrial supervision, and through postconviction motions in which he challenged the veracity of his convictions. Ignasiak, 808 F. App'x at 713. The district court also said Ignasiak's crimes involved a reckless disregard for the health of his patients, so "his actions constituted a danger to the community."

This is Ignasiak's appeal.

## II.

We review de novo whether a district court was authorized to modify a term of imprisonment. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). We review the district court's denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion. United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). The district court abuses its discretion when it applies an incorrect legal standard, follows improper procedures, or makes clearly erroneous findings of fact. United States v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir.

1969).[1]  We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below.  Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam).

## III.

Ignasiak makes two arguments on appeal.  Because he is proceeding pro se, we construe his filings liberally.  Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).  First, he says he presented clear and convincing evidence that his medical conditions warranted compassionate release, and the district court abused its discretion by ignoring that evidence.  Second, in relation to his argument that his sentence is excessive, Ignasiak says the district court abused its discretion by finding he still poses a danger to the community.  Ignasiak argues that because his medical licenses were revoked and he can no longer obtain or prescribe controlled substances, he is no longer a danger to the community.  We address each argument in turn.

First, the district court did not abuse its discretion when it found Ignasiak's medical conditions were not an extraordinary and compelling reason warranting release.  The district court acknowledged each of Ignasiak's identified medical

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

conditions, his age, and the effect of those medical conditions on Ignasiak.  As such, and contrary to Ignasiak's argument on appeal, the court considered the facts underlying his motion.  The court found that despite these conditions, Ignasiak was otherwise stable with ordinary medication and treatment.  A defendant's medical conditions present extraordinary and compelling reasons warranting compassionate release only when the conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility" and the defendant is not expected to recover from the conditions.  USSG § 1B1.13 cmt. n.1(A)(ii).  The court properly applied this policy statement to the facts, which support its finding that Ignasiak failed to establish extraordinary and compelling reasons to warrant compassionate release.

Neither did the district court err in denying Ignasiak a sentence reduction. The court expressly indicated it considered the § 3553(a) factors.  See 18 U.S.C. § 3582(c)(1)(A); United States v. Cook, ___ F.3d ___, 2021 WL 2149339, at *2 (11th Cir. May 27, 2021).  The district court discussed Ignasiak's convictions, postconviction challenges, and his attempts to avoid responsibility, which "fits squarely" into § 3553(a)(1).  See United States v. Williams, 526 F.3d 1312, 1324 (11th Cir. 2008) (per curiam).  The court also noted that Ignasiak had almost half of his total sentence remaining, which reflects consideration of the needs to provide just punishment, reflect the seriousness of the offense, afford

adequate deterrence, promote respect for the law, and protect the public. See 18 U.S.C. § 3553(a)(2). The court also found that Ignasiak's crimes constituted a danger to the community, which concern the nature and circumstances of his offense and the need to protect the public. See 18 U.S.C. § 3553(a)(1), (2)(C). This is sufficient consideration of the § 3553(a) factors. See United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013) (holding that district courts do not have to explicitly discuss each factor it is required to consider).

Ignasiak points out that he no longer has his medical license, and, by this logic, he no longer poses a danger to the community if he cannot prescribe controlled substances to the community. Nevertheless, Ignasiak has failed to establish the type of extraordinary and compelling reasons warranting compassionate release, required under this Court's precedent, and, therefore, the district court could not reduce his total sentence. See USSG § 1B1.13 cmt. n.1; United States v. Bryant, 996 F.3d 1243, 1262–65 (11th Cir. 2021) (holding that district courts may not reduce a sentence under § 3582(c)(1)(A) unless a reduction is consistent with § 1B1.13 cmt. n.1(A)–(C)).

In sum, because there is no substantial question that the district court correctly denied Ignasiak's motion for compassionate release, we **GRANT** the government's motion for summary affirmance. See Groendyke Transp., 406 F.2d at 1162. We **DENY** the request to stay the briefing schedule as moot.